IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:24-cr-00118-3

DAVID LEE WHITE

**MEMORANDUM OPINION AND ORDER**

Pending before the court are three motions by Defendant David Lee White: Motion to Exclude Testimonial Statements of MV-1, [ECF No. 140]; Motion *in Limine* to Exclude Evidence, References, or Argument to Being an Attorney, [ECF No. 139]; and Motion to Dismiss Count Five of the Third Superseding Indictment on the Grounds of Unconstitutional Vagueness (Facial & As Applied), [ECF No. 138]. The United States responded to each motion, [ECF Nos. 148–150].

**I.  Motion to Exclude Testimonial Statements of MV1**

Defendant moves to exclude testimonial statements by Minor Victim 1 ("MV1"), who died during the investigation of this case. [ECF No. 140]. Defendant argues that MV1's statements to law enforcement are inadmissible because they violate the Defendant's Confrontation Clause rights. *Id.* The United States agrees and has no intention of introducing testimonial evidence made by MV1. [ECF No. 149]. Therefore, the Defendant's motion, [ECF No. 140], is **GRANTED in part.** Statements by MV1 that are testimonial are inadmissible.

The United States does intend, however, to introduce *non-testimonial* evidence. [ECF No. 149]. The Defendant's motion is unclear whether it seeks to exclude only testimonial evidence (including statements and recordings) or all evidence from MV1. To the extent the Defendant

seeks to exclude the latter, the motion, [ECF No. 140], is **DENIED in part.**

Non-testimonial evidence does not face the same Confrontation Clause analysis. *Ohio v. Clark*, 576 U.S. 2173, 2180 (2015) ("[A] statement cannot fall within the Confrontation Clause unless its primary purpose was testimonial."); *Michigan v. Bryant*, 562 U.S. 344, 359 (2011) ("Where no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause."). Instead, non-testimonial evidence faces the usual evidentiary challenges like relevance or hearsay.

At trial, counsel should be prepared to argue (1) whether the evidence is testimonial or non-testimonial and (2) if it is non-testimonial, whether the Federal Rules of Evidence permit its admission. The court will consider these objections as evidence is offered for admission.

## II.    Motion to Exclude Reference to Defendant White Being an Attorney

Defendant next moves to exclude any evidence, reference, or argument related to his former status as a licensed attorney. [ECF No. 139]. Defendant argues that the evidence would be "highly prejudicial" and that the jury would "likely and unfairly infer that as an attorney, [Defendant] had a specialized knowledge of the law as it related to obstruction or interference of enforcement" and therefore "hold him to a lower standard than a non-lawyer." *Id.* at 1. The United States disagrees, instead arguing that the evidence is relevant to the alleged crime and permissibly prejudicial. [ECF No. 150]. I agree with the United States.

Defendant is charged with obstructing, attempting to obstruct, or interfering with or preventing the enforcement of a sex trafficking statute, in violation of 18 U.S.C. § 1591(d). *See* [ECF No. 22] (*Third Superseding Indictment*). The United States intends to prove the elements of the charge by introducing statements made by Defendant, including statements to MV1 about how she should speak to a grand jury and other various legal issues. [ECF No. 150, at 1]. The United

States also alleges that Defendant prepared an affidavit for co-defendant Tiwan Bailey in an effort to "obstruct justice by having a witness sign a misleading exculpatory affidavit." *Id.* This conduct naturally implicates Defendant's legal knowledge and skills obtained as a former licensed attorney. As such, it is relevant and intrinsic to the nature of Defendant's alleged criminal conduct and the evidence the United States intends to offer. *See United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) (holding that when evidence establishes an element of the offense, there is "no question" that its probative value substantially outweighs its prejudicial effect).

While Defendant is right that the evidence may be prejudicial, nearly all evidence offered by the United States carries some degree of prejudice. *Grimmond*, 137 F.3d at 833 ("Evidence that is highly probative invariably will be prejudicial to the defense."). While Federal Rule of Evidence 403 permits exclusion when the evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice," the standard is a "high bar." *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023). Rule 403 "is a rule of inclusion, generally favoring admissibility." *Id.* (quoting *United States v. Udeozor*, 515 F.3d 260, 264–65 (4th Cir. 2008)). When evidence is probative, it "should be excluded only sparingly." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (quotation omitted).

Defendant has failed to meet this high bar. He only argues that the jury could make inferences that Defendant knew "of the tangible acts which would cross a line and become illegal." [ECF No. 139]. The charged conduct, however, implicates Defendant's legal knowledge, and it would be proper for a jury to make related inferences. Because the two are intertwined, there is no risk of confusion of the issues or misleading the jury under Rule 403. The simple fact that the evidence "will damage the defendant's case is not enough—the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the

3

evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006).

Considering all of this, the motion, [ECF No. 139], is **DENIED**. The United States may introduce evidence related to Defendant's former status as a licensed attorney. The United States may not, however, introduce evidence of Defendant's disbarment or the circumstances surrounding it. If Defendant opens the door, or the United States wishes to impeach Defendant with evidence of his disbarment, the parties should be prepared to discuss their arguments for objection or admission.

### III. Motion to Dismiss Based on Vagueness

Lastly, Defendant moves to dismiss the indictment, arguing that 18 U.S.C. § 1591(d) is unconstitutionally vague as applied to him and on its face. [ECF No. 138, at 2]. He argues that the statute's lack of definitions and a *mens rea* requirement render it so vague that the public cannot fairly understand what is allowed and what is prohibited. *Id.* Of course, the United States argues that (1) Defendant's conduct falls within the scope of 18 U.S.C. § 1591(d), and (2) the statute is not unconstitutionally vague. Again, the United States is right.

The void for vagueness doctrine is rooted in the Due Process Clause of the Fifth Amendment. *United States v. Williams*, 553 U.S. 285, 303 (2008). Simply, it "means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32–33 (1963) (citing *United States v. Harris*, 347 U.S. 612, 617 (1954)). Essentially, vagueness challenges are about notice. A statute is vague and unconstitutional if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Martin v. Lloyd*, 700 F.3d 132, 135 (4th Cir. 2012) (quoting *Williams*, 553 U.S. at 304).

But not every defendant can challenge a statute for vagueness. In fact, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756 (1974). This means that if at least some of Defendant's conduct is governed by section 1591(d), he "cannot complain of the vagueness of the law as applied to the conduct of others." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 (1982); *see also Williams*, 553 U.S. at 304. Therefore, I must first consider whether Defendant's conduct is clearly prohibited by the statute.

This poses two problems for Defendant. First, his motion is premature. The United States has not had an opportunity to present evidence and overcome its burden of proof; nor has Defendant had an opportunity to challenge that evidence; nor has a jury considered the evidence, made findings of fact, or returned a verdict. At this stage, it is impossible to determine whether Defendant's conduct is clearly proscribed by the statute, and the motion may properly be denied for this reason alone.

But the second, more significant problem for Defendant is that his alleged conduct *is* clearly proscribed by section 1591(d). Section 1591(d) prohibits the obstruction, attempted obstruction, or interference with or prevention of the enforcement of section 1591.[1] The United States alleges that Defendant (1) knew that his co-defendant Tiwan Bailey was under investigation for sex-trafficking crimes under section 1591, (2) knew that MV1 was a victim or witness in the investigation, (3) contacted MV1 to discuss how she could defend their "friend" Mr. Bailey, (4) sent MV1 money, (5) advised her on what to say to a grand jury, (6) purportedly drafted a misleading exculpatory affidavit on Mr. Bailey's behalf, and (7) acted as an intermediary between

---

[1] "(d) Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be fined under this title, imprisoned for a term not to exceed 25 years, or both." 18 U.S.C. § 1591(d).

5

MV1 and Mr. Bailey while Mr. Bailey was avoiding arrest and "laying low." [ECF No. 148, at 2–4].

Defendant's conduct, if proven, falls squarely within the proscriptions of the statute.[2] Allegedly, he actively helped Mr. Bailey avoid prosecution by coaching MV1. In effect, Defendant is alleged to have "blocked" or "hindered" the United States's ability to enforce section 1591. *See* Obstruct, *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/obstruct (last visited Sept. 4, 2025) (definitions include "to block or close up by an obstacle" and "to hinder from passage, action, or operation").[3] Considering all of this, I cannot say that Defendant's alleged conduct is outside the scope of 18 U.S.C. § 1591(d). Therefore, he cannot challenge the statute's vagueness at this stage. His motion, [ECF No. 148], is **DENIED**.[4]

## IV. CONCLUSION

For the reasons already stated, the pending motions are resolved. Specifically, the Motion to Exclude Testimonial Statements of MV-1, [ECF No. 140], is **GRANTED in part** and **DENIED**

---

[2] I do not intend to substitute my judgment for that of a jury's, but because Defendant's motion is premature, I consider the United States's allegations as true. If they are not proven at trial, Defendant may timely make his vagueness argument in a post-trial motion.

[3] In addition to obstruction, the statute prohibits a person from *interfering* "in any way" with the enforcement of section 1591. "Interfere" means "to interpose in a way that hinders or impedes" or "come into collision or be in opposition." Interfere, *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/interfere (last visited Sept. 4, 2025) (synonyms include "meddle," "intervene," "intrude," and "mess"). Also, the statute prohibits a person from *preventing* enforcement of the statute "in any way." 18 U.S.C. § 1591(d). "Prevent" means "to keep from happening or existing," and "to hold or keep back" and "to deprive of power or hope of acting or succeeding." Prevent, *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/prevent (last visited Sept. 4, 2025).

[4] Defendant's other arguments are unpersuasive. They can be reduced to a single point: sometimes 18 U.S.C. § 1591(d) is difficult to apply. This does not mean that section 1591(d) is automatically vague and void. *National Dairy Products Corp.*, 372 U.S. at 32 ("The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language."); *see also Williams*, 553 U.S. at 304 ("But 'perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity.'" (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989))). The kinds of statutory vagueness argued by Defendant are not the "wholly subject judgments" that punish Defendant's "annoying" or "indecent" conduct—the kind of law that has been struck down by the Court. *Id.* at 306 (citing *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971)). Just because section 1591(d) may be difficult to apply at the margins does not mean it is vague. *Id.* ("What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is.").

in part; the Motion *in Limine* to Exclude Evidence, References, or Argument to Being an Attorney, [ECF No. 139], is **DENIED**; and the Motion to Dismiss Count Five of the Third Superseding Indictment on the Grounds of Unconstitutional Vagueness (Facial & As Applied), [ECF No. 138], is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 5, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE